PROB 12C
(12/04)

# UNITED STATES DISTRICT COURT

for

# District of Guam

ORIGINAL FILED
DISTRICT COURT OF GUAM
NOV 29 2005
MARY L.M. MORAN
CLERK OF COURT

## Petition for Warrant or Summons for Offender Under Supervision

| | | | |
|---|---|---|---|
| Name of Offender: | Donna Marie Claybrooks | Case Number: | MJ 05-00012-001 |
| Name of Sentencing Judicial | Joaquin V. E. Manibusan Jr. | | |
| Date of Original Sentence: | August 10, 2005 | | |

Original Offense: Possession of a Controlled Substance, in violation of Title 21, United States Code Section 844(a).

Original Sentence: Two years probation with the following conditions: comply with the standard conditions of probation as set forth by the U.S. Sentencing Commission; refrain from excessive use of alcohol; participate in a program approved by the U.S. Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol and make co-payment for the program at a rate to be determined by the U.S. Probation Office; maintain employment unless enrolled full time in a post high school education curriculum; and pay a $25 special assessment fee and $500 fine.

| | | | |
|---|---|---|---|
| Type of | Probation | Date Supervision | August 10, 2005 |
| Assistant U.S. | Joseph Tock, SAUSA | Defense Attorney: | Kim Savo, AFPD |

### PETITIONING THE COURT

☐ To issue a warrant
☒ To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | Arrest for Driving Under The Influence and Reckless Driving on 10/18/2005. |
| 2. | Use of a controlled substance on 10/03/2005. |
| 3. | Failure to maintain employment. |
| 4. | Failure to report change on employment. |



Prob 12C
(12/04)

U.S. Probation Officer Recommendation:

☐ The term of supervision should be

    ☐ revoked.

    ☐ extended _____ years, for a total term of _____ years.

☒ The conditions of supervision should be modified as follows:

1. The defendant shall perform 100 hours of community service.

2. The defendant shall refrain from the use of alcohol.

3. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the probation officer.

*Please see attached Declaration in Support of Petition written by*
*U.S. Probation Officer Grace D. Flores.*

| Reviewed by: | Reviewed by: | I declare under penalty of perjury that the foregoing is true and correct. |
|---|---|---|
| ROSSANNA VILLAGOMEZ-AGUON<br>U.S. Probation Officer<br>Supervision Unit Leader | JOSEPH TOCK<br>Special Assistant U.S. Attorney | GRACE D. FLORES<br>U.S. Probation Officer |
| Date: 11/17/05 | Date: 11/22/05 | Executed on: November 17, 2005 |

---

THE COURT ORDERS:

☐ No action.

☐ The issuance of a warrant.

☒ The issuance of a summons.

☐ Other

_____
Signature of Judicial Officer

11/29/2005
Date

RECEIVED
NOV 25 2005
DISTRICT COURT OF GUAM
HAGATNA, GUAM

# VIOLATION WORKSHEET

1. Defendant: Donna Marie Claybrooks
2. Docket Number (Year-Sequence-Defendant No.): MJ 05-00012-001
3. District/Office: 0993/1
4. Original Sentence Date: 08 / 10 / 05

(If different than above):

5. Original District/Office: 
6. Original Docket Number (Year-Sequence-Defendant No.): 

7. List each violation and determine the applicable grade (see §7B1.1(b))

| Violation(s) | Grade |
|---|---|
| • Arrest for Driving Under The Influence and Reckless Driving. | C |
| • Use of a controlled substance | C |
| • Failure to maintain employment unless enrolled full time in a post high school education curriculum. | C |
| • Failure to notify the probation officer at least 10 days prior to change in employment. | C |

8. Most Serious Grade of Violation (see §7B1.1(b)): C
9. Criminal History Category (see §7B1.4(a)): I
10. Range of Imprisonment (see §7B1.4(a)): 3 - 9 months

11. Sentencing Options for Grade B and C Violations Only (Check the appropriate box):

[X] (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

[ ] (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

[ ] (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

**Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002.**

Case 1:05-mj-00012    Document 29    Filed 11/29/2005    Page 3 of 7

Defendant: Donna Marie Claybrooks

12. **Unsatisfied Conditions of Original Sentence**

   List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

   | | | | |
   |---|---|---|---|
   | Restitution ($) | N/A | Community Confinement | N/A |
   | Fine ($) | N/A | Home Detention | N/A |
   | Other | N/A | Intermittent Confinement | N/A |

13. **Supervised Release**

   If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

   Term: 0 to 1 years.

   If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

   Period of supervised release to be served following release from imprisonment: _____

14. **Departure**

   List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

   None.

15. **Official Detention Adjustment** (see §7B1.3(e)):   0 months   0 days

Mail documents to: United States Sentencing Commission, Federal Judiciary Building, One Columbus Circle, NE, Suite 2-500, South Lobby, Washington, D.C. 20002-8002.

Case 1:05-mj-00012   Document 29   Filed 11/29/2005   Page 4 of 7

# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>DONNA MARIE CLAYBROOKS,<br>Defendant. | ) MAGISTRATE CASE NO. 05-00012-001<br>)<br>)<br>) **DECLARATION IN SUPPORT OF PETITION**<br>)<br>)<br>)<br>) |

I, Grace D. Flores, am the U.S. Probation Officer assigned to supervise the Court ordered conditions of probation for Donna Marie Claybrooks, and in that capacity declare as follows:

On August 10, 2005, Donna M. Claybrooks was sentenced in the District Court of Guam to two years probation for the offense of Possession of Controlled Substance, in violation of 21 U.S.C.§844(a). Ms. Claybrooks is alleged to have violated the following conditions of supervision:

**Violation #1** Mandatory Condition: *The defendant shall not commit another federal, state, or local crime.* On October 18, 2005, Ms. Claybrooks was arrested for Driving Under the Influence and Reckless Driving. She received a Notice to Appear on October 18, 2005 at 9:00 a.m. Guam Police Department report #KY 05-22917 outlined the arrest as follows:

> On October 18, 2005 at 1:15 a.m., officers of the Guam Police Department (GPD) responded to a traffic accident on Route 9. GPD Officers responding to the accident were PO2 R.A. Charfauros and PO1 O.T. Benavente. Upon arrival, officers noticed a 1998 Toyota Corolla operated by Ms. Donna Marie Claybrooks in the bushes near House #1325.

> As Officer Charfauros approached, he observed Ms. Claybrooks was observed putting two sticks of gum in her month and chewing rapidly. She staggered to the officer's location and leaned on Officer Benavente's vehicle to maintain her balance. When asked if she had been drinking she responded "two". The officer asked "two beers?" She stated "I don't drink beer." She stated "Malibu and such" at a friend's house a few hours ago.

The officers observed Ms. Claybrooks with bloodshot watery eyes, with slurred speech, and an odor of alcohol on breath. Ms. Claybrooks declined to submit to a standard field sobriety test and her drivers license was taken. She was taken to the Hagatna Precinct where she was given a citation and notice to appear.

Upon interview by the undersigned, Ms. Claybrooks admits that she was in an accident, her driver's license was taken away, and she was arrested. Upon advise from her attorney, she did not make any statements about the consumption of alcohol.

**Violation #2** Mandatory Condition: *The defendant shall refrain from any unlawful use of a controlled substance.* On October 8, 2005, Donna Claybrooks tested presumptive positive for use of marijuana. She admitted in writing to using "THC" on October 3, 2005.

**Violation #3** Special Condition: *Defendant shall maintain employment unless enrolled full time in a post high school education curriculum.*

On October 5, 2005, Ms. Claybrooks expressed her frustration with her employment. She was reminded that she needed to maintain her employment as a condition of probation, if she was not in school full-time. She was advised that since she was experiencing medical problems, her medical insurance from her employment was a benefit. On October 18, 2005, Ms. Claybrooks reported that she quit her job.

**Violation #4** Standard Condition: *The defendant shall notify the probation officer at least ten days prior to change in residence or employment.* Ms. Claybrooks terminated her employment without providing prior notice to the probation officer.

Upon reading the GPD notice regarding the arrest, it was noted that Ms. Claybrooks was employed with Ta's Tavern as a bartender. Ms. Claybrooks failed to report this employment. When questioned about it, she stated that she began working with Ta's Tavern at the end of August or beginning of September 2005. She terminated employment on October 18, 2005, after her father saw the citation of the arrest.

**Supervision Compliance:** Ms. Claybrooks has complied with the following conditions of supervision since being placed on supervised release. She paid her $25 special assessment fee on August 11, 2005, and her $500 fine on August 19, 2005.

**Recommendation:** This Probation Officer respectfully requests that the Court issue a Summons for Donna Marie Claybrooks to appear for a hearing to answer or show cause why her term of probation should not be modified or revoked pursuant to 18 U.S.C. § 3565.

Declaration in Support of Petition
Re: CLAYBROOKS, Donna Marie
USDC MJ Cs. No. 05-00012-001
November 17, 2005
Page 3


Executed this 17th day of November 2005, at Hagatna, Guam, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

Respectfully submitted,

FRANK MICHAEL CRUZ
Chief U.S. Probation Officer

By: *signature*
GRACE D. FLORES
U.S. Probation Officer

Reviewed by:

*signature*
ROSSANNA VILLAGOMEZ-AGUON
U.S. Probation Officer
Supervision Unit Leader

cc: Joseph Tock, SAUSA
    Kim Savo, AFPD
    File